## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RODNEY D. DAVIS, 876067,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-CV-1314-P** |
| **NATHANIEL QUARTERMAN, Director, Texas** | ) | **ECF** |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

## I.  Background

Petitioner was convicted of aggravated robbery of an elderly person. *State of Texas v.*

*Rodney D. Davis*, No. F-97-75133-NH (Crim. Dist. Ct. No. 1, Dallas County, Tex., April 21,

1997). He was sentenced to thirty years confinement. On February 25, 1999, the Fifth District

Court of Appeals affirmed the conviction. *Davis v. State*, No. 05-97-00721-CR (Tex. App. –

Dallas 1999). Petitioner did not file a petition for discretionary review ("PDR").

On June 15, 2000, Petitioner filed a state application for writ of habeas corpus. *Ex parte*

*Davis*, Application No. 47,257-01. On April 11, 2001, the Court of Criminal Appeals granted

the application by allowing Petitioner to file an out-of-time PDR. Although Petitioner states he

mailed his PDR to the courts on May 22, 2001, the court did not receive his petition.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -1-

On February 12, 2004, Petitioner filed a second state application for writ of habeas

corpus. *Ex parte Davis*, Application No. 47, 257-04. On May 12, 2004, the Court of Criminal

Appeals denied the application without written order on the findings of the trial court. On June

23, 2004, Petitioner filed a third state application for writ of habeas corpus. *Ex parte Davis*,

Application No. 47, 257-05. On June 8, 2005, the Court of Criminal Appeals denied the petition

without written order on the findings of the trial court.

On June 25, 2005, Petitioner filed this federal petition. He argues: (1) the conviction was

obtained by an unconstitutionally impaneled jury; (2) he received ineffective assistance of

counsel; (3) the prosecutor committed misconduct; and (4) the evidence was insufficient to

support the conviction

On August 31, 2005, Respondent filed a preliminary response arguing that the petition is

time-barred. On September 28, 2005, Petitioner filed his reply. The Court now determines the

petition is barred by limitations and should be dismissed.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA

governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

This period is tolled while a properly filed motion for state post-conviction relief or other

collateral review is pending.  *Id.* § 2244(d)(2).

On February 25, 1999, the Fifth District Court of Appeals affirmed Petitioner's

conviction.  Petitioner did not file a petition for discretionary review.  His conviction therefore

became final thirty days later, on March 29, 1999.[2]  *See* Tex. R. App. P. 68.2 (PDR must be filed

within 30 days after court of appeals renders judgment or overrules motion for rehearing);

*Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for

limitations purposes when time for seeking further direct review expires, regardless of when

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)    the date on which the judgment became final by
> the conclusion of direct review or the expiration of the
> time for seeking direct review;
>
> (B)    the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C)    the date on which the constitutional right
> asserted was initially recognized by the Supreme Court,
> if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on
> collateral review; or
>
> (D)    the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2]Thirty days from February 25, 1999, is Saturday, March 27, 1999.  Pursuant to Tex. R. App. P.
4(a), the PDR was due on Monday, March 29, 1999.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

mandate issues).  Petitioner then had one year, or until March 29, 2000, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On June 15, 2000, Petitioner filed his first state petition for writ of habeas corpus.  This petition was filed after the limitations period expired.  It therefore did not toll the limitations period.[3]

Petitioner's federal petition was due by March 29, 2000.  He did not file his federal petition until June 25, 2005.  His petition is therefore untimely.

## B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

---

[3]Although Petitioner was granted the right to file an out-of-time PDR, this time is counted as part of the pendency of Petitioner's habeas petition.  *See Salinas v. Dretke*, 354 F.3d 425, 430-31 (5th Cir. 2004) (granting an out-of-time petition for discretionary review does not restart the limitations period; rather, the time is counted as part of the pendency of collateral review).

Petitioner argues he is entitled to equitable tolling because he mailed his out-of-time PDR to the courts, but they failed to receive it, and failed to timely respond to his letters inquiring about the petition. Petitioner states he filed his out-of-time PDR on May 22, 2001. (Pet. Mem. at 1). The PDR was therefore filed after the federal limitations period expired. It therefore would not have tolled the limitations period even if the state court had received the petition.

Petitioner also argues he is entitled to equitable tolling because he received ineffective assistance of counsel on direct appeal. Petitioner's claims do not establish a basis for equitable tolling. As the Fifth Circuit has stated:

> Whether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of the tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations.

*Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000); *see also, Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 9th day of August, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and

recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to

object to these findings and recommendations must file and serve written objections within ten

(10) days after being served with a copy.  A party filing objections must specifically identify

those findings and recommendations to which objections are being made.  The District Court

need not consider frivolous, conclusory or general objections.  The failure to file such written

objections to these proposed findings and recommendations shall bar that party from a *de novo*

determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally,

the failure to file written objections to proposed findings and recommendations within ten (10)

days after being served with a copy shall bar the aggrieved party from appealing the factual

findings and legal conclusions of the Magistrate Judge that are accepted by the District Court,

except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1417 (5th Cir. 1996)(en banc).